# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Debra Christian,                           :
                        Petitioner          :
                                           :
            v.                             :   No. 1933 C.D. 2015
                                           :   Submitted:  March 11, 2016
Workers' Compensation Appeal               :
Board (Department of Revenue               :
and Inservco Insurance Services),          :
                        Respondents        :


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                      **FILED:  June 8, 2016**


Petitioner Debra Christian (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board).  The Board affirmed a decision of a Workers' Compensation Judge (WCJ), denying Claimant's claim petition seeking workers' compensation benefits for an alleged injury in the nature of post-traumatic stress disorder (PTSD).  We affirm the Board's order.

On or about April 29, 2013, Claimant submitted a claim petition alleging that she suffered from PTSD as a result of an incident that occurred on April 12, 2012, during the course of her employment as a revenue enforcement collection officer (collection officer) with the Pennsylvania Department of Revenue (Employer).  Claimant alleged that the onset of the alleged PTSD

occurred on March 20, 2013. Employer denied the claim, and the matter was assigned to the WCJ, who conducted hearings on the matter.

According to Claimant's testimony, she worked for Employer for twenty-one years, the last sixteen of which she had worked as a collection officer. (Reproduced Record (R.R.) at 46.) Claimant's position apparently involves tax licensing and payment collection. Claimant testified that during the administration of Governor Ed Rendell, the law setting forth responsibilities of collection officers changed by requiring collection officers to carry a badge and to spend more time in the field, issuing tax violation citations personally to taxpayers.[1] (R.R. at 48, 51.) Claimant testified that the taxpayers were hostile and that although Employer provided training regarding the methods of issuing citations, it did not provide safety training for hostile situations. (R.R. at 51, 53-55.) Claimant testified regarding several incidents in 2012, during which she contends taxpayers became hostile. She even submitted a police report in response to one of the incidents that occurred on April 12, 2012.

Two of Claimant's co-workers, Donald Powell, Jr. and Robert Sinopoli, also testified. Mr. Powell testified regarding personal experiences with taxpayers. Claimant's supervisor, Mr. Sinopoli, testified regarding his knowledge of Claimant's interaction with taxpayers.

Claimant submitted the medical testimony of Joan Cicchiello, BMH, MP, Ph.D., who is a certified nurse practitioner whose practice specialty is in

---

[1] The parties, as well as the WCJ and the Board, refer to the law that purportedly altered collection officers' duties as "Act 46," without providing any legal citation to the enactment. We believe that "Act 46" refers to the Act of December 23, 2003, P.L. 250, which provides omnibus amendments to the Tax Reform Code of 1971, Act of March 4, 1971, P.L. 6, *as amended*, 72 P.S. §§ 7101-10004.

2

mental health. Dr. Cicchiello first saw Claimant on March 25, 2013. (R.R. at 172.) Dr. Cicchiello testified that Claimant relayed to her the various incidents that had occurred during the performance of her job. (R.R. at 175-76.) Dr. Cicchiello testified that she diagnosed Claimant's condition as PTSD, which she opined was caused by the incidents at work and reliving the emotional experiences of those incidents. (R.R. at 177-79.)

Claimant also presented the testimony of Jacinta Wood, D.O. After reviewing Claimant's records and obtaining a history from Claimant, Dr. Wood opined that Claimant was suffering from PTSD, general anxiety disorder, and major depression with suicidal ideations. (R.R. at 253.)

Employer offered the deposition of Wolfram Rieger, M.D., a board-certified psychiatrist, to whom Claimant related the hostile taxpayer interactions she had experienced. Dr. Rieger testified that, although Claimant developed some symptoms of PTSD, he did not believe she had that condition. Dr. Rieger based his diagnosis on his medical opinion that in order to have PTSD, a person must have had actual exposure to a life-threatening event. (R.R. at 300.) Dr. Rieger testified that the incidents Claimant experienced did not rise to the level of life-threatening. (*Id*.)

The WCJ determined that Claimant's testimony was credible in part. The WCJ, however, did not find Claimant's testimony credible that a taxpayer to whom she spoke on April 12, 2012, chased her down the street. The WCJ reached this determination based upon Claimant's statement in the police report, which the WCJ viewed as being a less "dramatic" version of the incident and one that was described to the police at a time more contemporaneous to the event than at other times Claimant described it.

3

In finding that the more credible description of the April 12, 2012 incident did not include a significant chance of harm or death, the WCJ also found Dr. Rieger's opinion that Claimant did not suffer from PTSD more credible than the opinions of Claimant's medical experts. In addition, the WCJ credited the testimony of Mr. Sinopoli and Mr. Powell that the encounters Claimant experienced were not abnormal working conditions for revenue enforcement officers. Based upon his credibility determinations, the WCJ concluded that Claimant did not establish that she suffered an injury in the nature of PTSD. The WCJ also reasoned that Claimant bore the burden to establish (1) a causal connection between the alleged psychological injury and her employment and (2) that the injury arose from abnormal working conditions.

Claimant appealed the WCJ's decision to the Board, which concluded that, based upon the WCJ's credibility determinations and his factual findings, the WCJ did not err in concluding that: (1) Claimant did not establish that she suffered from PTSD; and (2) the incidents alleged to have caused Claimant's injury did not constitute abnormal working conditions.

Claimant petitions for review of the Board's order,[2] raising the following issues: (1) whether the WCJ and the Board misapplied the Supreme Court's holding in *Payes v. Workers' Compensation Appeal Board (Pennsylvania State Police)*, 79 A.3d 543 (Pa. 2013), by failing to consider the impact of the General Assembly's passage of Act 46, which she asserts altered the

---

[2] Our standard of review in a workers' compensation appeal is limited to determining whether an error of law was committed, whether constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

4

responsibilities of collection officers by requiring them to carry badges and issue citations to taxpayers; and (2) whether the WCJ and the Board erred in concluding that Claimant did not establish abnormal working conditions for the purpose of demonstrating a compensable work-related mental health injury where she asserted that the change in her job responsibilities requiring her to serve taxpayers with citations allegedly caused her PTSD.

In a case, such as this, where a claimant alleges that she suffered a work-related mental/mental injury—*i.e.*, that she sustained a psychiatric disability because of emotional, nonphysical stimuli at work, the claimant bears the burden to prove that she has sustained a psychiatric injury in the course of employment. *Martin v. Ketchum*, 568 A.2d 159, 164 (Pa. 1990). If a claimant establishes such an injury, she must also demonstrate the injury was caused by actual objective abnormal working conditions, as compared to subjective, perceived, or imagined stressful events. *Thomas v. Workmen's Comp. Appeal Bd. v. Workmen's Comp. Appeal Bd. (Atlantic Refining Co.)*, 423 A.2d 784, 788 (Pa. Cmwlth. 1980).

Claimant does not challenge the WCJ's credibility findings regarding Dr. Rieger's testimony.[3] Thus, we are bound by the WCJ's finding and conclusion that Claimant does not have PTSD. Because Claimant did not satisfy the initial

---

[3] Although a "WCJ is the sole arbiter of the credibility and the weight of testimony and other evidence" and "is free to reject or accept the testimony of any witness in whole or in part," the findings of the WCJ must be "supported by substantial evidence." *O'Donnell v. Workers' Comp. Appeal Bd. (United Parcel Serv.)*, 831 A.2d 784, 789 (Pa. Cmwlth. 2003). As discussed above, the WCJ found Dr. Rieger's testimony credible, and Dr. Rieger testified that he does not believe that Claimant suffers from PTSD. Claimant does not challenge the competency of Dr. Rieger's testimony or whether the WCJ satisfied the reasoned decision requirement that he provide an objective basis for his credibility determination as to Dr. Rieger. Thus, we are bound by the WCJ's findings.

requirement to establish the existence of a work-related injury, we do not need to address the arguments Claimant makes regarding the manner in which the WCJ applied *Payes* and whether the incidents upon which she based her claim constitute abnormal working conditions.

Accordingly, we affirm the Board's order.

 

 

_____
P. KEVIN BROBSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Debra Christian,               :
             Petitioner    :
                       :
        v.              :    No. 1933 C.D. 2015
                       :
Workers' Compensation Appeal   :
Board (Department of Revenue    :
and Inservco Insurance Services),  :
           Respondents  :

## **O R D E R**

AND NOW, this 8th day of June, 2016, the order of the Workers' Compensation Appeal Board is AFFIRMED.

_____
P. KEVIN BROBSON, Judge